## In re CHARLES WEISBECKER.

No. 81054.

District Court, S. D. New York.

Sept. 1, 1943.

Robert W. Maloney, of New York City (Meyer William Ross and Walter G. Phelps, both on the brief), for petitioner.

Levin & Weintraub and I. Jonas Speciner, both of New York City (Benjamin Weintraub and Milton Mitwell, both on the brief), for trustee.

BRIGHT, District Judge.

A. & E. Realty, Inc., claimant, petitions for a review of an order expunging its claim, filed in due course, for $4,031.49, for use and occupation of premises, owned by it and occupied by the debtor from June 17, 1942 (the date of the filing of a petition by it under Chapter XI of the Bankruptcy Act, 11 U.S.C.A. § 701 et seq.) to July 16, 1942 (when liquidation was ordered) and by the trustee from July 17, 1942, to August 2, 1942.

The facts are stipulated. Claimant, on April 11, 1927, leased the premises in question to Weisbecker Realty Corporation for a period of ten years, at varying rentals plus real estate and water taxes. During that term, when does not appear, the tenant subleased the premises to Charles Weisbecker (a corporation) the debtor and bankrupt.

Weisbecker Realty Corporation's business was that of leasing premises to Charles Weisbecker (a corporation) of which the property in question was one. Three-fifths of the stockholders, officers and directors were common to both corporations, each, however, keeping separate bank accounts and books; and the Realty Corporation maintained its office in one of the bankrupt's stores.

When the petition for arrangement was filed the Realty Corporation owed claimant $23,078.54, unpaid rent, for which claimant obtained judgment and execution has been returned unsatisfied.

Nothing has been paid to claimant or any one else for the use and occupation of the premises by the debtor or the trustee during the period aforementioned; and the reasonable value thereof, it is agreed, is $3,000.

Immediately upon the filing of the Chapter XI proceeding; claimant demanded possession of the premises from the debtor; during the proceedings requested of the referee in bankruptcy that possession be delivered to it which was denied; an order was made by the referee restraining all actions against the debtor in possession; and claimant's summary proceeding in a state court against the debtor to regain possession was also stayed, and at the same time claimant's request that the use and occupation be fixed was also denied.

The referee expunged the claim, holding that there was no privity of contract or estate between claimant and the bank-

rupt; that, though default had occurred in the payment of rent under the main lease, bankrupt was legally in possession; and though the main lease contained a covenant against assignment or subletting without claimant's consent, and no consent had been given, the violation of the main lease did not affect the bankrupt's right to possession. He also held that the close relationship between the Realty Corporation and the debtor did not help claimant; and that there were no equitable considerations which justified the claim. He conceded that the debtor and its trustee were liable for the use and occupation, but held that such liability enured to the Realty Corporation and not to claimant.

I think the order expunging the claim should be reversed, and the claim reinstated in the amount of $3,000. The basis of my ruling is the main lease itself. It contained the following clause:

"8. The tenant shall not assign, mortgage or otherwise encumber the lease or the estate hereby granted, or underlet or sublet any of the said premises without the written consent of said landlord. * * * If this lease be assigned or if the demised premises * * * be underlet to or occupied by any person other than the tenant, the landlord may, after default by the tenant, collect from the assignee, undertenant or occupant, and apply the net amount collected to the rent herein reserved." * * *

Here, it is stipulated, all that is required as conditions under which the landlord may collect has occurred. The premises have been sublet, without the landlord's consent, and the tenant has defaulted in the rent. The landlord may thus collect the rental for the use and occupation of the demised premises by the debtor and the trustee, and it is attempting so to do under its claim. I think every consideration of equity and square dealing requires that it be permitted to do so. Its tenant has authorized it so to do, and because of such authorization there is no chance of liability from the Realty Company. In fact, I think the conclusion justified that the Realty Company, by such authorization, has practically assigned its right to collect from the subtenant when, as and if claimant, after default, decides to do so. No case to which I have been referred involved a similar state of facts as here disclosed or seems in any way apposite or controlling.

The referee's order is vacated, the petition sustained and the claim allowed at $3,000.